**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**Docket 24-6015**
**Case 1:24-CV-1395-IM**

**MOTION FOR DECISION AND EXECUTION OF SUMMARY JUDGMENT (FRCP 56)**

**David White, Pro Se P1**
18965 NW Illahe St,
**Portland, OR.**
dave@salmonprotectiondevice.com
503-608-7611
Tom Doud Plaintiff Pro Se P2
4254 Chevy Chase Dr, La Cañada
Flintridge, CA, USA 97011
213-248-7832
tdoud4@gmail.com


**vs.**
**Defendant 1. (D1)**
**Susana Dietrich**
**601 Jackpine Dr,**
**Grants Pass, OR 97526**
**2140 Bobcat Ave SW**
**Albany, OR 97321-4872**
mitt@dietrichconst.com
**541-974-3251**

**Defendant 2. (D2)**
**Mary Lou Soscia in her**
**Personal capacity as President of**
**Water Watch of Oregon**

1. **Defendant 3 (D3)**
2. **Bryan Sohlin in his personal capacity as Vice**
3. **President of Water Watch of Oregon**
4. **213 SW Ash St., Suite 208**
5. **Portland, OR 97204**
6. 
7. **Defendant 4 (D4)**
8. **Neil Brandt in his personal capacity as**
9. **Executive Director of**
10. **Water Watch of Oregon**
11. **213 SW Ash St., Suite 208**
12. **Portland, OR 97204**
13. **503-295-4039x 101**
14. neil@waterwatch.org
15. 
16. Melanie Klym (D5)
17. River Design Group
18. 311 SW Jefferson Avenue
19. Corvallis, Oregon 97333
20. Phone: 541.738.2920
21. info@riverdesigngroup.com
22. Legal Counsel for Water Watch defendants
23. Kaitlin Lovell
24. Attorney-Advisor
25. 213 SW Ash St., Suite 208
26. Portland, OR 97204
27. 213 SW Ash St., Suite 208
28. Portland, OR 97204
29. (503) 295-4039
30. info@waterwatch.org
31. 
32. Janette Brimmer
33. jbrimmer@earthjustice.org
34. Molly Tack-Hooper
35. mtackhooper@earthjustice.org
36. 
37. 1) 18 USC 3 accessory after the fact.
38. 2) 16 USCA § 1532(19); see also Goble, D. D.; George, S. M.; Mazaika, K.;

3) Scott, J. M. & Karl, J. (1999) "Local and national protection of endangered species: An assessment," Environmental Science & Policy, 2, pp. 43-59.

4) 18 U.S. Code § 41 - Hunting, fishing, trapping; disturbance or injury on wildlife refuges.

5) The Endangered Species Act of 1973,

https://www.fws.gov/laws/endangered-species-act/section-11

6) 18 U.S.C. § 1001 False Statements, Concealment.

7) 29 CFR § 1606.8 (1) – Harassment Has the purpose or effect of creating an intimidating, hostile or offensive working environment.

8) 28 U.S. Code § 4101 The term "defamation" means any action or other

proceeding for defamation, libel, slander, or similar claim alleging that

forms of speech are false, have caused damage to reputation or

emotional distress, have presented any person in a false light, or have

resulted in criticism, dishonor, or condemnation of any person.

9) 33 U.S.C. §1251 et seq. (1972) Clean water act Section 404.

10) 29 CFR § 1606.8 (1).

11) 28 U.S. Code § 4101.

12) 22–451 June 28th, 2024 Loper Bright Enterprises v. Raimondo and Relentless, Inc. v. Department of Commerce.
https://www.supremecourt.gov/opinions/23pdf/22-451_7m58.pdf

13) 29 CFR § 1606.8 (1).

14) 28  U.S. Code § 4101.

15) Judges Code of Conduct, Canons 2 and 3;

https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges.

16) Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002): Pagtalunan was Pro Se and made numerous mistakes in filing his complaint resulting in the case being dismissed. However, upon appeal, the higher Court ruled that the lower Court was in error because they did not give allowance for Pagtalunan's lack of legal training.

## BACKGROUND

### Facts of the Case

Plaintiff is advised by a team of 3 professionals, also volunteering, pro se. One is a 40-year retired, Federal Attorney, expert in the application of Federal statutory and Case law, environmental law in particular. Another is an investigative journalist, providing legal research and serving as Legal Editor for all Court Documents.

On appeal, Plaintiff served the Complaint and Injunction against Defendants. Plaintiff also filed a WRIT of Mandamus and filed MOTION FOR DECISION AND EXECUTION OF SUMMARY JUDGMENT (FRCP 56). Plaintiff also mailed a complaint "Judicial Council of the Ninth Circuit COMPLAINT OF JUDICIAL MISCONDUCT" against the trial court Judge. It

should arrive by mail the week of October 27th 2024.

## Conclusion

Judge is Biased because she exhibited a predisposition of her opinion of plaintiff's complaint by the following words and actions: Defendants were in default. Plaintiff filed for default judgement. D1, D23 killed fish including endangered Salmon without permits.

D23 has broken numerous environmental laws which transfer to D1 and D5 by 18 USC 3 accessory after the fact.

Standing is inherent or built-in by the class action nature of this case and P2 residing downstream of the environmental damage and Class Action members, residing only a few miles from the Pomeroy Dam have legal standing on the basis of direct harm inflicted.

Their life and property are now at risk by the return of surge flood waters that were endemic prior to installation of the dam. This is more than 10,000 cubic feet per second measured at Kerby station upstream from Cave Junction. Standing is also inherent by D23 violations of Federal Environmental law and the seven values articulated therein, reserved for every citizen of the United States and for the river itself, which Plaintiffs

represent.

To summarize, egregious errors committed by the lower Court that stand in

need of correction by the 9th Circuit Court of Appeals include

1) Abuse of Administrative Law to override well-documented case facts and Federal Laws broken under Article III, Section 2 of the U.S. Constitution. These include:
2) Failure to hold defendants accountable for deceptively claiming that the Illinois River is not a Wild and Scenic River on their joint application.
3) Failure to hold Defendants accountable for deceptively claiming that the Pomeroy dam is an impediment to Salmon migration, in spite of abundant evidence to the contrary.
4) Failure to hold Defendants accountable by not granting Plaintiff victory by default judgment after Defendants failed to make any response to the Complaint.

## **PRAYER FOR RELIEF**

1. Plaintiff respectfully requests the Federal Court to acknowledge legal standing already granted by the lower court, Federal Environmental laws broken, and associated 7 Values denied to Plaintiffs, local stakeholders, and class action members due to harms inflicted by D1, D23' malfeasance.

2. Plaintiff respectfully requests the Federal Court to initiate strong adjudication of Defendants to the Federal Prosecutor for felony charges against their acts of vandalism.

3. Plaintiff hereby respectfully requests the Court to charge Plaintiff and

his team of engineers and scientists with the task of restoring the Illinois River back to its Original Wild and Scenic condition with dams and a water wheel for power generation.

4. Grant Injunctive Relief to halt all further vandalism of the Pomeroy Dam.

5. Also, we entreat the Court to issue a Summary Judgment because Defendants continue to ignore what they are legally required to do by the Army Corp of Engineers, and the Federal Clean Water Act, Section 404. The gravity of this case requires a court order that commands a government official or entity to perform an act it is legally required to perform as part of its official duties, or refrain from performing an act the law forbids.

6. Plaintiff hereby respectfully requests the court to order Defendants to immediately stop deconstruction plans of any dam and transfer all remaining control and funds to Salmon Protection Device non-profit for remediation. Salmonprotectiondevice.com retains engineers and scientists who know how to mitigate the contaminated silt, dredge behind the dam site, and install a fish ladder on the new Pomeroy Dam.

7. Plaintiff hereby respectfully requests the court to provide relief for

and take judicial notice of the lethal environmental consequences

D23's actions, which must cease immediately.

8. The Court is entreated to rule the Salmon Protection Device remediation team commence the task of project mitigation immediately, to avoid more lethal environmental consequences of D23's gross negligence.

9. Plaintiff respectfully requests the Federal Appeals Court to provide any cost up to $1 million to Plaintiff's mitigation team as the court sees fit.

10. Plaintiff hereby respectfully requests that the 9th Circuit Appeals Court issue an official notification to all courts in its jurisdiction, ordering them that Administrative Law shall no longer take precedence over Article III, Section 2 of the U.S. Constitution, or standing case law and statute law made in pursuance thereof (U.S. Supreme Court, Loper Case 22-451). Case 21dr02783, Marriage Dissolution, now in Federal Court with a writ of error as 3:24-cv-01702-AR and the current Case might be used as prime examples of such abuse and violations of the Judicial Code of Conduct.

11. Plaintiff hereby respectfully moves the Court to require that all future river reclamation projects within the purview of the Ninth Circuit Court shall comply with the intent of the Wild and Scenic Rivers Act, Section 7IA2,3 to preserve existing dam projects from removal, by the far less draconian strategy of

1. Dredging behind the dam and heat-scrubbing silt on-site
2. Installing or repairing fish ladders on each dam
3. Installing Salmon Protection Device cages at the foot of the fish ladder on the lower dam if needed to deter predatory Sea Lions

4. Treating reservoirs for algae or other contaminants, if necessary
   https://www.rivers.gov/rivers/rivers/sites/rivers/files/2023-07/section-7.pdf

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24th, 2024, a true and correct copy of the above document was electronically filed with the Clerk of the Court using CM/ECF. A copy of the document will be served upon interested parties via the Notices of Electronic Filing that are generated by CM/ECF. Additionally, a courtesy copy is being provided as follows:

_____

Attorney for Legal Counsel for D23 defendants

Kaitlin Lovell

Attorney-Advisor

213 SW Ash St., Suite 208

Portland, OR 97204

213 SW Ash St., Suite 208

Portland, OR 97204

(503) 295-4039

info@waterwatch.org



Janette Brimmer

jbrimmer@earthjustice.org

Molly Tack-Hooper

10

mtackhooper@earthjustice.org

mitt@dietrichconst.com

info@riverdesigngroup.com

\_\_\_ Via hand delivery
\_\_\_ Via U.S. Mail, 1st Class, Postage Prepaid
\_\_\_ Via Overnight Delivery
\_\_\_ Via Facsimile
XX Via Email
XX Via CM/ECF notification to the extent registered DATED: October 24th, 2024.
By: David White



David C. White Pro Se. October 24th, 2024.